# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ARDEN D. BARNARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:12-cv-2107-AKK |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Arden D. Barnard ("Barnard") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the Court will affirm the decision denying benefits.

### I. Procedural History

Barnard filed applications for Title II disability insurance benefits and Title XVI Supplemental Security Income, on March 25, 2009, alleging a disability onset date of July 31, 2007, due to a neck injury, arthritis, a pinched sciatic nerve, bone spurs in his elbows, bursitis, and tendinitis. (R. 10, 167). After the SSA denied

Barnard's claim, he requested a hearing before an ALJ. (R. 10). The ALJ subsequently denied Barnard's claim, (R. 7-18), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Barnard then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529

(quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

  (3)  whether the impairment meets or equals one listed by the Secretary;

  (4)  whether the claimant is unable to perform his or her past work; and

  (5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

  In performing the five step analysis, the ALJ initially determined that Barnard met the insured status requirements of the Act through December 31, 2012. (R. 12). Moving to the first step, the ALJ found that Barnard had not engaged in substantial gainful activity since July 31, 2007, and, therefore, met Step One. *Id.* Next, the ALJ found that Barnard satisfied Step Two because he suffered from the severe impairments of degenerative disc disease in the lumbar and cervical spine, and obesity. *Id*. The ALJ then proceeded to the next step and found that Barnard failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments." (R. 13). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Barnard

> has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). The Claimant should alternate between sitting and standing positions every thirty to sixty minutes throughout the work day while remaining at his work station. The Claimant can occasionally balance, stoop, crouch, and climb stairs and ramps. The Claimant cannot kneel, crawl, or climb ropes, ladders, or scaffolds. The Claimant can frequently reach in all directions with both upper extremities. The Claimant can frequently handle and manipulate objects with both hands. The Claimant should avoid concentrated exposure to extreme cold. The Claimant should avoid all exposure to hazardous machinery and unprotected heights. The Claimant is limited to performing simple, routine, and repetitive one to two step tasks in a low stress job, which is defined as requiring only occasional decision making and involving only occasional changes in the work setting.

*Id.* As of the date of the ALJ's decision, Barnard was 49 years old, (R. 16), and had past relevant work that included very heavy unskilled work as a laborer, medium semi-skilled work as a delivery driver, heavy unskilled work as a lumber handler, and medium semi-skilled work as a forklift operator. *Id.* In light of Barnard's RFC, the ALJ found that he "is unable to perform any past relevant work." *Id.* Lastly, in Step Five, the ALJ considered Barnard's age, education, work experience, and RFC and determined "there are jobs that exist in significant numbers in the national economy [Barnard] can perform." (R. 17). Therefore, the

ALJ found that Barnard "was not under a disability, as defined in the Social Security Act, from July 31, 2007, through the date of this decision." (R. 18).

## V.  Analysis

Barnard raises only one issue on appeal, i.e., that the ALJ "never asked the vocational expert a hypothetical question based on the Claimant's residual functional capacity found by the [ALJ]." Doc. 8 at 4. Barnard's argument is based on a difference in wording between the ALJ's RFC finding and the hypothetical question posed to the VE. Specifically, Barnard argues the ALJ found he had an RFC for "less than the full range of sedentary work," but asked the VE to consider an individual with "sedentary restrictions." *See* doc. 8 at 2, 8. However, a careful review of both the ALJ's RFC assessment, and the restrictions in the hypothetical question posed to the VE, shows that there is no meaningful difference between the two.

The hypothetical question relied upon by the ALJ to find Barnard could do other work began as a question asking the VE to assume an individual of Barnard's "age, education, and work experience, [who] is able to operate at the light exertional limits." (R. 87). To this, the ALJ added the following additional restrictions:

> Furthermore, this individual has a sit-stand option [allowing him] to alternate between sitting and standing positions at 30 to 60 minute intervals. Certainly standing and sitting at the appropriate amount of time to meet the exertional limitations of the body.

> Further limited to posturally occasional climbing ramps and stairs, never climbing ladders, ropes or scaffolds, occasionally balancing, stooping and crouching, never kneeling or crawling.
> Manipulatively this individual's limited to frequent bilateral reaching in all directions, including overhead, and frequent bilateral handling and fingering for objects.
> Environmentally limited to avoiding concentrated exposure to extreme cold, and then avoiding all exposure to hazardous machinery and unprotected heights.
> And lastly, this person is limited to simple, routine, repetitive one and two-step tasks. And [low pressure] jobs [with] only occasional decision-making required, [and] only occasional changes in the work setting.

(R. 87-88).[1] The ALJ next asked the VE a hypothetical question that "reduced this individual to sedentary, *keeping all the past limitations the same*." (R. 88-89) (emphasis added). It was the VE's answer to this second hypothetical question that the ALJ relied on to find Barnard could perform other work. (R. 17, 89). Consequently, the only difference between the ALJ's RFC assessment and the hypothetical question posed to the VE is the inclusion of "less than the full range of sedentary work" in the ALJ's RFC assessment. However, this difference is immaterial because SSR 96-9p states that the full range of sedentary work requires an individual to be able to remain in a seated position for approximately six hour of

---

[1] These additional limitations were substantively the same as those included in the ALJ's RFC finding. The only difference is that ALJ's RFC finding provided that Barnard can frequently "manipulate" objects, while the hypothetical question provided for frequent "fingering" of objects." (R. 13, 88). However, for vocational purposes, these terms are synonymous. *See* Social Security Ruling (SSR) 96-9p, 1996 WL 374185 at *8 ("Manipulative limitations: Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity.").

an eight-hour workday, with customary breaks, and further explains that if the "need to alternate the required sitting of sedentary work by standing . . . cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded." SSR 96-9p at *6, *7. Therefore, the ALJ's inclusion of "less that the full range of sedentary work" in his RFC assessment merely clarified that Barnard was restricted in his ability to sit for extended periods because of the need for a sit/stand option. In other words, the ALJ's RFC finding did not impose any restrictions not accounted for in the hypothetical question posed to the VE, and, thus, it properly accounted for Barnard's limitations. Consequently, the testimony of the VE provides substantial evidence to support the ALJ's finding that Barnard could do other work.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Barnard is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done the 4th day of June, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE